UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VERONICA VASICKA, individually as mother and natural guardian of infant V.V.,

       Plaintiffs,

-against-

Police Officer LYNN KERWIN; and JOHN and JANE DOE 1 through 10,

       Defendants.

**ANSWER OF DEFENDANT LYNN KERWIN**

**18-CV-6858 CBA/SJB**

---

Defendant **Police Officer Lynn Kerwin** ("Defendant Kerwin"), by and through her attorneys, Gleason, Dunn, Walsh & O'Shea, states as follows for her Answer to the Complaint of plaintiffs' Veronica Vasicka ("Plaintiff Vasicka") and infant "V.V." (the "Complaint"):

1. Paragraphs 1, 2 and 5 of the Complaint characterize plaintiffs' claims, and require no response from Defendant Kerwin. To the extent any response is required to such allegations, statements or inferences contained therein, Defendant Kerwin denies the same.

2. Defendant Kerwin admits the allegations contained in paragraphs 3 and 4 of the Complaint.

3. With respect to the allegations contained in paragraphs 6, 8 and 20 of the Complaint, Defendant Kerwin denies knowledge and information sufficient to form a belief as to the truth or falsity thereof.

4. With respect to the allegations contained in paragraph 7 of the Complaint, Defendant Kerwin admits that she was employed by the New York State Office of Parks,

Recreation and Historic Preservation ("NYS OPRHP"), as a Park Police Officer during the time period referenced in the Complaint; and denies any remaining allegations, statements or references contained in this paragraph of the Complaint.

5. Paragraph 9 of the Complaint contains legal argument and/or conclusion of law, and therefore, requires no response. To the extent that any statement therein can be considered a substantive factual allegation, statement or reference, Defendant Kerwin denies the same.

6. With respect to the allegations against Defendant Kerwin contained in paragraph 10 of the Complaint, Defendant Kerwin denies that the incident purportedly reflected in the Complaint occurred on June 6, 2018; denies that Plaintiff Vasicka's actions with respect to her dog were lawful; denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations concerning where plaintiffs and their dog had been walking on the day in question; and denies any remaining allegations, statements or inferences contained in this paragraph of the Complaint.

7. With respect to the allegations against Defendant Kerwin contained in paragraph 11 of the Complaint, Defendant Kerwin admits that plaintiffs' dog was tied to a sign post inside the East River State Park; denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations concerning plaintiffs' activities and whereabouts immediately thereafter; and denies any remaining allegations, statements or inferences contained in this paragraph of the Complaint.

8. With respect to the allegations against Defendant Kerwin contained in paragraph 12 of the Complaint, Defendant Kerwin admits that she approached the plaintiffs when they returned to untie their dog; and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Complaint.

9. Defendant Kerwin denies the allegations contained in paragraphs 13, 15, 16, 17, 18, 21, 23, 24, 26, 27, 29, 30, 32, 33, 34, 35, 37, 38, 39, 40, 42, 43, 44, 46, 47 and 48 of the Complaint, as against her; and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Complaint.

10. With respect to the allegations against Defendant Kerwin contained in paragraph 14 of the Complaint, Defendant Kerwin admits that she requested that Plaintiff Vasicka provide her with identification; and denies any remaining allegations, statements or inferences contained in this paragraph of the Complaint.

11. With respect to the allegations against Defendant Kerwin contained in paragraph 19 of the Complaint, Defendant Kerwin admits that Plaintiff Vasicka was issued a summons; and denies any remaining allegations, statements or inferences contained in this paragraph of the Complaint.

12. As to the allegations contained in paragraphs 22, 25, 28, 31, 36, 41 and 45 of the Complaint, Defendant Kerwin repeats and realleges each and every response to the preceding paragraphs of the Complaint, as if set forth fully, completely and specifically herein.

13. With respect to the statements and allegations contained within the "WHEREFORE" clause of the Complaint, Defendant Kerwin denies that plaintiffs are entitled to any relief whatsoever against her.

14. Defendant Kerwin denies each and every other allegation, statement and inference contained in the Complaint which is not admitted, denied or otherwise referred to specifically above.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. The claims asserted against Defendant Kerwin may be barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. At all times herein relevant, Defendant Kerwin acted in good faith, without recklessness, malice or intent to harm the plaintiffs, and had reasonable grounds to believe that her actions were proper and in compliance with applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. By their own conduct, plaintiffs expressly assumed the risk of injury, which was open, obvious and known to the plaintiffs.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. Plaintiffs failed to state a prima facie claim for deprivation of rights secured by the United States Constitution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. The claims asserted against Defendant Kerwin are barred by the doctrine of unclean hands and plaintiffs' own inequitable conduct.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21. Plaintiffs had a duty to mitigate, minimize and/or avoid their alleged damages, and failed to do so.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

22. Defendant Kerwin is entitled to absolute, qualified and/or sovereign immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23. Plaintiffs' claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

24. Plaintiffs suffered no damages or injury as a result of any conduct or omission on the part of Defendant Kerwin.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

25. Plaintiffs are not entitled to punitive damages as against Defendant Kerwin.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

26. Upon information and belief, plaintiffs' economic loss, if any, as specified in CPLR §4545 was replaced or indemnified in whole or in part, from collateral sources, and Defendant Kerwin is entitled to have the Court consider the same in determining any such damages as provided in CPLR §4545.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

27. If Defendant Kerwin is liable at all, her liability is 50 percent or less of the total liability assigned to all persons liable. By reason thereof, the liability of Defendant Kerwin to the plaintiffs, if any, for non-economic loss shall not exceed her equitable share of liability determined in accordance with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

28. The relative culpability of each party who is or may be liable for the damages alleged by plaintiffs in this action should be determined in accordance with the decisional and statutory law of the State of New York; and the equitable share of each party's liability for

contribution should be determined and apportioned in accordance with the relative culpability, if any, of each such party pursuant to Article 14 of the CPLR.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

29. Plaintiffs are not entitled to attorneys' fees as against Defendant Kerwin.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

30. Plaintiffs' service of process on Defendant Kerwin was legally insufficient.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

31. The damages for which plaintiffs seek recovery were not caused by Defendant Kerwin, but were caused, in whole or in part, by the actions, omissions and/or culpable conduct of Plaintiff Vasicka and/or a third party over whom Defendant Kerwin had no control.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

32. Plaintiffs' claims against Defendant Kerwin are barred in whole or in part by plaintiffs' failure to timely serve a notice of claim.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

33. In the event of settlement by any co-defendants or any other joint tortfeasor, Defendant Kerwin is entitled to the full benefit of General Obligations Law §150-108, such that the claims by plaintiffs shall be reduced to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under CPLR Article 14, whichever is the greatest.

**WHEREFORE**, for the foregoing reasons, Defendant Kerwin respectfully requests judgment dismissing the Complaint in its entirety with prejudice, on the merits, and denying all relief requested therein, and awarding Defendant Kerwin her costs, disbursements and

reasonable attorneys' fees incurred in defense of this action; and any such other and further relief as this Court deems just and proper.

Dated: Albany, New York
May 8, 2019

**GLEASON, DUNN, WALSH & O'SHEA**

By _____
**Lisa F. Joslin, Esq.**
(Bar Roll No. LF 9245)

Attorneys for Defendant Police Officer Lynn Kerwin
40 Beaver Street
Albany, New York 12207
Tel. (518) 432-7511
Fax (518) 432-5221
ljoslin@gdwo.net

TO: **Gabriel P. Harvis, Esq.**
**ELEFTERAKIS, ELEFTERAKIS & PANEK**
Attorneys for Plaintiff
80 Pine Street, 38th Floor
New York, NY 10005
Tel. (212) 532-1116
Fax (212) 532-1176
gharvis@elefterakislaw.com