# GLEASON, DUNN, WALSH & O'SHEA

FRANK C. O'CONNOR III
BRENDAN C. O'SHEA
MARK T. WALSH
RONALD G. DUNN
THOMAS F. GLEASON
MICHAEL P. RAVALLI*
LISA F. JOSLIN†
RICHARD C. REILLY
TAMMY L. CUMO^
JOHN P. CALARESO, JR.

ATTORNEYS
40 BEAVER STREET
ALBANY, NEW YORK 12207
(518) 432-7511
FAX (518) 432-5221
www.gdwo.com

NANCY S. WILLIAMSON~
DANIELLE L. PENNETTA†◊
CHRISTOPHER M. SILVA*
EMILY E. KEABLE

OF COUNSEL
STACEY M. BARRICK

HAROLD E. KOREMAN
(1916 – 2001)

* ALSO ADMITTED IN CONNECTICUT
† ALSO ADMITTED IN VERMONT
^ ALSO ADMITTED IN MASSACHUSETTS
◊ ALSO ADMITTED IN NEW JERSEY
~ALSO ADMITTED IN MARYLAND AND DISTRICT OF COLUMBIA

January 27, 2021

**VIA ECF**
Hon. Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:    Vasicka, et al. v. Kerwin, et al.
             1:18-CV-06858 (RPK/SJB)

Dear Judge Kovner:

      This firm represents Defendant Police Officer Lynn Kerwin in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rule IV.A., I write to request a pre-motion conference in advance of filing a motion for summary judgment on behalf of Officer Kerwin. We anticipate filing a motion for summary judgment seeking dismissal of the Amended Complaint in its entirety. Below is a summary of the anticipated factual and legal bases for Kerwin's motion.

      In this action, Plaintiffs Veronica Vasicka and her infant daughter "V.V." bring claims under 42 U.S.C. §1983 and §1988 against Defendants Kerwin, as well as Park Police Sergeant Justin LaValley, and "John and Jane Doe 1-10," stemming from an interaction involving Plaintiffs and Defendants Kerwin and LaValley, on June 9, 2018, in the East River State Park, in Brooklyn, New York (hereinafter "State Park"). The incident began when Ms. Vasicka tied her dog to a metal pole in the State Park, in violation of clearly-displayed rules and regulations of the park. At the time, Ms. Vasicka was aware that the State Park contained a separate area known as a "dog run;" yet, the dog was not in the dog run area of the park. Per the rules and regulations governing the State Park, dogs were only permitted in the park in the designated dog run. Despite signs depicting this rule, Ms. Vasicka left her dog alone tied to the pole in a prohibited area of the park.

      Defendants Kerwin and LaValley were assigned to work in the area of the State Park on June 9, 2018. While walking near the park's entrance, Defendants observed Plaintiffs' dog tied to the pole unattended, pulling on its leash and barking aggressively at park patrons. When Ms. Vasicka returned to retrieve her dog, Kerwin approached her to obtain her identification, and advise her that dogs were not permitted in that area of the park. However, Ms. Vasicka failed to properly identify herself, became agitated, loud and argumentative, and attempted to leave the

scene with "V.V." and her dog. As a result of Ms. Vasicka's uncooperative behavior, Kerwin placed one handcuff on her wrist, and continued to request her identification.

As a crowd formed due to Ms. Vasicka's elevated voice, Kerwin agreed to remove the cuff, provided that she properly identified herself. However, after the cuff was removed, Ms. Vasicka refused to comply with Kerwin's instructions, and instead interacted with her daughter. As a result, Officer Kerwin placed the handcuff back on Ms. Vasicka's wrist; after which Ms. Vasicka began to scream and pull herself away from Kerwin. Officer Kerwin then called for assistance from Sergeant LaValley.

Concerned that Ms. Vasicka might use the loose cuff as a weapon against her, Officer Kerwin guided Ms. Vasicka toward a nearby bench, so that she could use the bench to assist in gaining compliance from Ms. Vasicka, until LaValley arrived. However, as they neared the bench, Ms. Vasicka aggressively pulled back from Kerwin, positioned her back on the bench, and began kicking her legs at Kerwin. Ms. Vasicka's violent behavior caused Kerwin to increase the amount of force she used to obtain her compliance. A member of the crowd began video-taping their interaction, while others yelled to Ms. Vasicka to "stop resisting," and to Defendant Kerwin to "let her go." At this time, "V.V." was attended to by a woman in close proximity in the crowd.

After Sergeant LaValley arrived, they attempted to deescalate Ms. Vasicka and told her that if she cooperated, she would not be arrested in front of her daughter. Ms. Vasicka was then led to their patrol car away from the crowd. After more physical resistance from Ms. Vasicka, LaValley and Kerwin eventually calmed her down, removed the handcuff, and obtained her identification. While Ms. Vasicka could have been arrested for resisting arrest and obstruction of governmental administration, she was instead issued a ticket for a prohibited animal violation, and a warning for resisting and disobeying lawful orders. Ms. Vasicka was released with her daughter and their dog. In light of the undisputed material facts elicited during discovery, summary judgment dismissing the entirety of the Amended Complaint is appropriate.

Plaintiffs' First, Second and Fourth Causes of Action assert claims for unlawful stop, unlawful arrest and seizure, and deprivation of substantive due process. None of these claims has merit. First, the Fourth Amendment permits the police to "stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause" (United States v. Sokolow, 490 U.S. 1, 7 [1989]; see also Ornelas v. United States, 517 U.S. 690, 693 [1996] [ruling "[a]n investigatory stop is permissible under the Fourth Amendment if supported by reasonable suspicion"]). Here, there can be no dispute that Kerwin had reasonable suspicion to stop Plaintiffs when she observed their dog unattended in a prohibited area of the park. Second, Plaintiffs' unlawful arrest and seizure claims fail because: Ms. Vasicka was not in fact arrested, but instead issued a summons; and at no point was "V.V." seized or separated from Vasicka by Defendants.

Plaintiffs' Third Cause of Action asserts a claim for unreasonable force. In light of the events of June 9, 2018, no reasonable fact finder could conclude that Officer Kerwin used excessive force. A police officer's application of force is "excessive" if it is objectively

Hon. Rachel P. Kovner
Page 3

January 27, 2021

unreasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation" (Maxwell v. City of New York, 380 F.3d 106, 108 [2d Cir. 2004]). An officer's decision to handcuff and detain a person will not violate the Constitution, so long as the officer had probable cause to believe that the person presented a risk of harm to himself or others (see Kerman v. City of New York, 261 F.3d 229, 237 [2d Cir. 2001]). Here, the force used by Kerwin to place Vasicka in handcuffs, given her admitted (and videotaped) physical resistance, was objectively reasonable under the totality of the circumstances.

Plaintiffs' Fifth Cause of Action for denial of the right to a fair trial should be dismissed because they have not articulated what "evidence" was purportedly "fabricated" by the Defendants which would have led to the denial of a fair trial. There is no dispute that Plaintiff illegally left her dog unattended in a prohibited area of the State Park; and there was no other evidence presented in any criminal trial. The ticket issued to Ms. Vasicka was indisputably warranted.

Plaintiffs' Sixth Cause of Action for malicious abuse of process should be dismissed because, like an unlawful arrest claim, the existence of probable cause is a complete defense to a claim of malicious prosecution (Coleman v. City of New York, 585 Fed. Appx. 787, 788 [2d Cir. 2014]). There is no dispute that Officer Kerwin had probable cause to question Ms. Vasicka based upon her direct observations that she violated the law.

Plaintiffs' Seventh Cause of Action for deliberate indifference to safety and parental rights requires proof that the official "knows of and disregards an excessive risk to [one's] health or safety" (Chance v. Armstrong, 143 F.3d 698, 702 [2d Cir. 1998], quoting Farmer v. Brennan, 511 U.S. 825, 837 [1994]). There is no evidence to suggest that Defendant Kerwin acted with a sufficiently culpable mind necessary to sustain this claim.

Finally, Officer Kerwin is protected by qualified immunity, because it was "objectively reasonable" for her to believe that probable cause existed to stop, question, and issue a ticket to Ms. Vasicka (see e.g., Zellner v. Summerlin, 494 F.3d 344, 369 [2d Cir. 2007]). Moreover, once Ms. Vasicka became loud, aggressive, argumentative, and physically resistive, it was reasonable for Officer Kerwin to use some amount of force to obtain her compliance.

Thank you for your attention and consideration.

Respectfully yours,

GLEASON, DUNN, WALSH & O'SHEA

Lisa F. Joslin, Esq.

LFJ/ks
cc:   Gabriel P. Harvis, Esq. (via ECF)
      James B. Tuttle, Esq. (via ECF)