# THE TUTTLE LAW FIRM

| | | |
|---|---|---|
| James B. Tuttle, Esq.<br>jbtesq@nycap.rr.com<br>www.tuttlelawoffice.com | 1520 Crescent Road<br>Suite 300<br>Clifton Park, New York 12065 | Service by fax is not authorized<br>Phone: (518) 783-1001<br>Fax: (518) 783-1515 |

January 28, 2021

**VIA ECF**
Hon. Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    Vasicka , et al. v. Kerwin, et al.
                  1:18-cv-06858 (RPK/SJB)

Dear Judge Kovner:

      I represent Defendant Justin LaValley in the above referenced matter. The purpose of this letter is to request a pre-motion conference pursuant to Section IV(A)(2) of your Individual Practice Rules. I believe Defendant Justin LaValley is entitled to an order granting summary judgment in his favor for the following reasons.

      This action arises out of an incident which occurred on June 9, 2018 at approximately 4:50 p.m. in the East River State Park located at 90 Kent Avenue in Brooklyn, New York. At that time and place the Plaintiff Veronica Vasicka and her three year old daughter were walking their dog near the park and in fact entered the park. Ms. Vasicka then tied her dog to a post within the boundaries of the park and left it there to go buy a lemonade for her daughter. Officers Kerwin and LaValley, both employed as park police officers were on duty in the park that day. Dogs are not allowed in the area of East River State Park where Ms. Vasicka tied her dog up while she went to buy lemonade, and the dog was barking in a threatening manner towards passing pedestrians. Officer LaValley dropped off Officer Kerwin to deal with the unlawful dog situation and went to another area of the park to deal with other issues. While he was gone, Officer Kerwin attempted to give Ms. Vasicka a ticket for having a dog in the park in an area where they were not permitted, but that process did not go well. Ms. Vasicka attempted to give a false name in response to Officer Kerwin's inquiries. With respect to what occurred between Officer Kerwin and Ms. Vasicka, I will defer to attorney Joslin's recitation of those events as set forth in her pre-motion letter submitted of even date herewith. Several minutes after the exchange between Officer Kerwin and Ms. Vasicka began, Officer LaValley returned to the scene.

      All of the events described above were captured in reasonable clarity on videos taken by observers and produced in discovery. Depositions of all parties and one or more non-parties have been completed.

The Plaintiffs' allege causes of action sounding in unlawful stop, false arrest, unreasonable force, deprivation of substantive due process, denial of constitutional right to fair trial, malicious abuse of process, deliberate indifference and failure to intervene. In his answer, Defendant LaValley raised, among other defenses, the affirmative defense of qualified immunity. I respectfully submit that upon the video testamentary and other evidence revealed in discovery, Defendant LaValley is entitled to summary judgment on the lack of merits of the plaintiffs' claims and on his defense of qualified immunity.

Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe this action did not violate such law. Aghoghoubia v. Noel, 2020 US Dist. LEXIS 8552, 22, citing Garcia v. Doe, 779 F3d 84, 92 (2nd Cir. 2015) and Hunter v. Bryant, 502 US 224, 229 (2018) ("The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.") A review of the video deposition and other evidence produced in discovery will demonstrate that Defendant LaValley did not violate any clearly established law in his conduct towards the Plaintiff and/or that it was objectively reasonable for Defendant LaValley to believe that his actions did not violate such law.

The Plaintiffs first cause of action alleges an unlawful stop. Defendant LaValley was not involved in the stop of the Plaintiff here complained of, as he had left Officer Kerwin off at the scene and gone on to another part of the park to deal with a different issue, only returning a short time later after the stop had already been carried out. With respect to the Plaintiffs' second claim of false arrest, the proof will demonstrate that Defendant LaValley was not involved in any arrest of Ms. Vasicka. She was in fact not arrested and was merely issued a ticket that she obviously deserved for having a dog in the park and that he did no more than stand by while Defendant Kerwin issued the ticket. The proof will also show that neither defendant seized the Plaintiff's child as alleged in the complaint.

With respect to the Plaintiffs' claim of unreasonable force, the evidence clearly demonstrates that Defendant LaValley did not employ any substantial amount of force with regard to the Plaintiff. He in fact only barely touched her, and then only for a few seconds in de-escalating the interaction between the Plaintiff and Defendant Kerwin. No reasonable viewing of the video evidence in this case could result in a conclusion that Defendant LaValley utilized excess force against either the Plaintiff or her child. It is also notable that in her deposition transcript, the Plaintiff never once mentioned Officer LaValley when asked about the force used against her during this incident and about which she is complaining in this action.

The Plaintiffs' fourth claim entitled deprivation of "substantive due process" alleges that the Defendants "forcibly and physically" separated Plaintiff V.V. from her mother. Again, the video evidence will clearly show that Defendant LaValley at no time had any physical contact whatsoever with the Plaintiff's three year old child much less that he forcibly and physically separated her from her mother. This cause of action cannot be maintained.

The Plaintiffs fifth claim entitled "denial of constitution right to fair trial" alleges that the Defendants created false evidence against Ms. Vasicka and submitted to prosecutors in the Kings County District Attorney's Office. The evidence will show that the only 'evidence' submitted to the Kings County District Attorney's Office was the ticket issued by Officer Kerwin to the Plaintiff for

2

having her dog in a section of the park where dogs were not allowed, a violation which she admits and was clearly guilty of. The Plaintiff cannot sustain any claim based on the creation or submission of false evidence against her.

The Plaintiffs' sixth claim sounding in "malicious abuse of process" alleges that the Defendants arrested the Plaintiff in order to obtain collateral objectives outside the legitimate ends of legal process in order to cover up their misconduct and assault of her. The evidence will reveal this claim to be completely without merit. The Plaintiff was not arrested, she was merely issued an appearance ticket for a violation which she clearly committed, i.e., having her dog in a part of the park where no dogs were allowed. The only ticket issued was issued completely within the legitimate ends of the legal process.

The Plaintiffs' seventh claim sounding in "deliberate indifference" alleges that the Defendants were aware of the risk to Plaintiff's safety that their misconduct posed but failed to take remedial action in deliberate indifference to her constitutional rights. The evidence produced in discovery will show that Defendant LaValley did not personally engage in any misconduct towards the Plaintiff and that even if some portion of the conduct between Defendant Kerwin and the Plaintiff should be considered improper (which we do not concede), the evidence shows that Defendant LaValley was not present for the vast majority of that interface and as soon as he arrived on the scene, he acted to de-escalate the situation. The Plaintiffs cannot demonstrate any deliberate indifference to the Plaintiff's circumstances or constitutional rights on the part of Defendant LaValley.

The Plaintiffs' final claim entitled "failure to intervene" alleges that those Defendants that were present but did not actively participate in the previously alleged unlawful conduct observed such conduct, had an opportunity to prevent it and had an opportunity to intervene but failed to do so. This claim was apparently drafted at a time when no discovery had been completed and in the belief that multiple park police officers had been involved in this incident. The evidence shows that only two officers were involved at all and that Officer LaValley was only involved at the very end of the interaction between Officer Kerwin and the Plaintiff. The evidence also shows, as referenced in connection with the Plaintiffs' seventh claim, that immediately upon arriving at the scene, Officer LaValley acted affirmatively to de-escalate the situation between the Plaintiff and Defendant Kerwin and had no more involvement in the matter than to stand by while Officer Kerwin issued the Plaintiff a ticket for having a dog in the park where it was not permitted to be. The Plaintiffs cannot sustain any claim against Officer LaValley for failure to intervene.

For all of the foregoing reasons, we respectfully request a pre-motion conference in this matter pursuant to Rule IV(A)(2) of the Individual Practice Rules of Judge Rachel P. Kovner.

                                                Respectfully submitted,

                                                THE TUTTLE LAW FIRM

                                                James B. Tuttle
                                                jbtesq@nycap.rr.com

JBT:bap
cc:     Gabriel P. Harvis, Esq.
          Lisa Joslin, Esq.